UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON CLARK,<br><br>         Petitioner,<br><br>      vs.<br><br>GEORGE DUNCAN,<br><br>         Respondent. | No. 9:01-cv-00456-JKS<br><br>AMENDED ORDER<br>[Re: Motion at Docket No. 31] |

At Docket No. 31 petitioner Jason Clark has moved for a Certificate of Appealability under 28 U.S.C. § 2253 and FED. R. APP. P. 22.  The standard for issuing a Certificate of Appealability is "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted);  28 U.S.C. § 2253(c).

The issue presented by Petitioner on his appeal is that this Court erred in requiring Petitioner to establish that he was prejudiced by trial counsel's inadequate representation. Specifically,  Petitioner argues that he should only have been required to show that he would not have entered a plea of guilty but for the ineffective assistance of counsel and that this Court erred in requiring that Petitioner show a reasonable likelihood that he would have been acquitted after a trial by jury, citing *Panuccio v.Kelly*, 927 F.2d 106 (2d Cir.1991).

Unfortunately for Petitioner *Panuccio* not only does not support his argument but, in fact, undermines it.  In *Panuccio*, after noting that Panuccio's testimony that he would not have gone to trial was insufficient, the Second Circuit upheld the denial of a petition for a writ of habeas corpus seeking to set aside a guilty plea at least in part on the basis that the alleged ineffective assistance of counsel would not have altered the ultimate outcome at trial (927 F.2d at 109–10):

> The standard of competency in turn determines whether the attorney had a duty to disclose the availability of the affirmative defense. In addition, our assessment of whether the defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 371. It is worth noting that this prong of

the inquiry is not satisfied merely by Panuccio's testimony that he would have gone to trial had he known of the defense, as Panuccio in effect argues, since a defendant's testimony after the fact "suffers from obvious credibility problems." *Hooper v. Garraghty,* 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843, 109 S.Ct. 117, 102 L.Ed.2d 91 (1988).

* * * *

We agree with the district court that there was a high likelihood that the intoxication defense would not have succeeded at trial and would have exposed Panuccio to significant additional punishment while only providing the potential for a reduction in prison time relative to the plea that was not substantial compared to the risks of proceeding to trial. Panuccio's counsel served adequately during the plea negotiations because he had no duty to disclose the intoxication defense under these circumstances. Panuccio was accordingly not denied his Sixth Amendment right to effective assistance of counsel. See *Mitchell,* 746 F.2d at 957; cf. id. at 954 (finding that defendant not prejudiced by counsel's omission); *Ames v. New York State Division of Parole,* 772 F.2d 13, 16 (2d Cir.1985) (same), cert. denied, 475 U.S. 1066, 106 S.Ct. 1379, 89 L.Ed.2d 605 (1986).

As in *Panuccio*, this Court was "not satisfied merely by Panuccio's testimony that he would have gone to trial had [counsel investigated or pursued his Fourth Amendment claim]," instead looking further at the likelihood that the outcome at the trial would have been different. Not only was the standard employed by this Court consistent with *Panuccio*, but was dictated by it as well as other authority. *E.g. Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."); *Mosby v. Senkowski*, 470 F.3d 515, 519 (2d Cir.2006) ("Because Mosby's ineffective assistance claim is based on counsel's failure to raise Fourth Amendment issues, he must also show 'that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'" (quoting *Kimmelman*)).  Plainly, this Court committed no error of law as Petitioner has the burden of establishing both elements of the *Stickland* test. *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir.2004); *Chang v. United States*, 250 F.3d 79, 84 (2d Cir.2001).

Petitioner argues, in effect, that this Court erred in finding the evidence of his guilt to be overwhelming on the basis of his confession and the statement of his co-defendant.  Petitioner contends the confession was coerced and he "fully intended to advise the jury of the circumstances under which the statement was obtained."  He further contends he intended to attack the credibility of his co-defendant's statement on the basis that it was provided to the police with the understanding that he [the co-defendant] would receive a substantially reduced sentence for his cooperation.

Nowhere in the proceedings or the record before this Court is there any evidence that would support his contention that the confession was coerced.  He did not raise this issue before the state courts and, most notably, he has never raised the issue before this Court.  Moreover, Petitioner has not contended at any point that counsel was ineffective by failing to investigate or pursue suppression of the confession as coerced or involuntary.  On the record before it, the Court assumed that the confession was voluntary.  Because the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Henry v. Poole*, 409 F.3d 48, 63 (2d Cir.2005) (quoting *Strickland*, 466 U.S. at 689), the Court also presumed that defense counsel investigated the facts, evaluated them, and ascertained there was no reasonable probability of success on the merits.  The Court deemed Petitioner's *post hoc* assertions as to his intent at trial insufficient to establish prejudice.

Petitioner is correct that the prejudice prong of ineffective assistance of counsel comes down to the factual question would Petitioner have plead guilty if he knew that there was a reasonable likelihood that evidence that the gun that was the murder weapon would be suppressed.  Since it is impossible to look into Petitioner's mind, heart and disposition directly we must rely upon circumstantial evidence.  Here the circumstantial evidence this Court found conclusive was Petitioner's corroborated confession, which Petitioner did not attack in the state court or prior to his request for a COA in this Court.  The Court did not grant an evidentiary hearing on the confession because Petitioner did not request one and because he did not appear to meet the due diligence requirement for developing facts at the state court level.  *See Williams v. Taylor*, 529 U.S. 420 (2000); *Chambers v. Brooks,* 320 F.3d 188 (2d Cir.2003); and *see Nieblas v. Smith,* 204 F.3d 29 (2d Cir.1999).  Petitioner has never claimed actual innocense.  He

wants the right to plead again in the hope of a more generous sentence.  On the existing record this Court has concluded that the confession is accurate and true and that a jury would so find rendering conviction virtually certain.  The Court recognizes that a criminal defendant need not seek suppression before the judge on the legal question of voluntariness, *see Jackson v. Denno*, 378 U.S. 368 (1964) (voluntariness to be determined pre-trial by the judge without regard to accuracy of confession) in order to argue the accuracy and reliability of the confession before the jury, *see Crane v. Kentucky,* 476 U.S. 683 (1986).  The Court recognizes that under current Supreme Court jurisprudence voluntariness and accuracy are separate questions.  If Petitioner had explained his failure to attack his confession in state court and develop the facts and mounted an attack on the accuracy of his confession in this court as part of his burden to prove that but for his counsel's neglect he would not have plead guilty, the court would have considered that evidence in resolving the fact  question would Petitioner have pled had the gun been suppressed but Clark offered no such evidence in either court.  On this record it seems clear to the court that Petitioner has not proved prejudice from any errors of his trial counsel.

Based on these facts, this Court was convinced that Petitioner would not have had sufficient confidence in his ability to convince the jury to disregard the confession, which was corroborated by his co-defendant, to hazard a jury trial.  On the other hand, this Court also found that Petitioner received no benefit from entering a guilty plea: he could not have been convicted of any crimes other than those to which he pled and he received the maximum sentence he might have received after a jury trial.  This markedly distinguishes this case from *Davis v. Greiner*, 428 F.3d 81 (2d Cir.2005), in which the Court of Appeals, despite its misgivings about the finding of no prejudice and denial of relief where the petitioner sought to have a guilty plea withdrawn, affirmed that finding in part because of the generous terms Davis was offered as part of a plea bargain.  While reasonable jurists could not disagree on the law, reasonable jurists could reasonably disagree on whether the facts support a finding that he would have nonetheless entered a guilty plea and not taken his chances before a jury.

For the foregoing reasons, Petitioner's Application for Certificate of Appealability from the District Court at Docket No. 31 is **GRANTED** on the issue of whether Petitioner suffered prejudice as a result of the deficient performance of trial counsel in either failing to fully

investigate the circumstances surrounding the search or, having fully investigated it, failed to pursue a motion to suppress.

      Dated: April 6, 2007

s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge
